**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **POLICARPIO VÁZQUEZ RIVERA** | **CIVIL NO.** |
| Plaintiff, | |
| | RE: ADEA, ADA, AGE AND DISABILITY EMPLOYMENT DISCRIMINATION; FAILURE TO PROVIDE REASONABLE ACCOMODATION; RETALIATION, WRONGFUL TERMINATION |
| **vs.** | |
| **RANGER AMERICAN PUERTO RICO, INC.; DEFENDANTS A, B, C.** | |
| Defendants. | PLAINTIFF DEMANDS TRIAL BY JURY |

# C O M P L A I N T

**TO THE HONORABLE COURT:**

　　**COMES NOW**, Plaintiff Policarpio Vázquez Rivera ("Vázquez"), through his undersigned attorneys and respectfully **STATES, ALLEGES and PRAYS:**

## I.  NATURE OF THE ACTION AND JURISDICTION

　　1.　　Plaintiff Vázquez hereby invokes this Honorable Court's federal question jurisdiction under 28 U.S.C. § 1331 for this action seeking compensatory damages, equitable and injunctive relief, costs, and attorney's fees brought pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621 *et seq.* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*

　　2.　　Vázquez was the victim of his former employer, Ranger American of Puerto Rico, Inc.'s ("Ranger") continuous willful, unlawful employment practices due to his disability and age discrimination, failure to provide reasonable accommodations, which eventually led to Vázquez' unlawful retaliatory and discriminatory termination from his employment with Defendant Ranger.

Complaint
Vázquez v. Ranger *et al.*
Page 2 of 11

3.      Plaintiff Vázquez further summons this Honorable Court's pendent/supplemental jurisdiction under 28 U.S.C. § 1367 seeking redress for violations of various Puerto Rico laws, including but not limited to, Law No. 100 of June 30, 1959, 29 L.P.R.A. §§ 146 *et seq.*, Law. No. 80 of May 30, 1976, 29 L.P.R.A. §§ 185a-185l; Act No. 115 of December 20, 1991, 29 L.P.R.A. § 194 *et seq.*; Act No. 44 of July 2, 1985, 1 L.P.R.A. § 501 et seq.; and Puerto Rico's Constitution, Article II**,** Sections 1, 8, 16, 20 Puerto Rico's Constitution.

4.      Plaintiff Vázquez invokes this Honorable Court's supplemental/pendent jurisdiction under 28 U.S.C. § 1367 to hear and decide those claims arising under the Commonwealth of Puerto Rico's Constitution and other Puerto Rico laws invoked herein because such claims arose from the same nucleus of operative facts giving rise to Plaintiff Vázquez' claims under federal law.

5.      On February 16, 2020, Vázquez timely filed with the Puerto Rico Department of Labor's Anti-Discrimination Unit ("ADU"), an Equal Employment Opportunity Commission ("EEOC") deferral agency, an administrative charge claiming that he was unlawfully terminated from his employment due to his age, disability, and retaliated against for having requested reasonable accommodations due to his disability.  Named as respondent in such administrative charge is the herein named party defendant Ranger.

6.      The previously stated administrative employment discrimination charge was assigned numbers uadau20-042c and 16H-2020-00152C.

7.      On or about July 23, 2021, the EEOC issued a Right-To-Sue Notice which was received by Plaintiff Vázquez on or about July 26, 2021.

8.      Plaintiff Vázquez seeks redress for the damages suffered and those damages he continues to suffer because of Ranger's employment discrimination based on Plaintiff Vázquez' age, disability and retaliation following his requests for reasonable accommodation.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## II.      THE PARTIES

10.     Plaintiff Vázquez is a male citizen of the United States of America and is a resident of Naranjito, Puerto Rico.

11.     Plaintiff Vázquez was born on November 14, 1956.

12.     Vázquez is within ADEA's protected age group at the time that his termination of employment took place.

13.     At all relevant times to this Complaint, Vázquez was an "employee" within the definition of such term as provided by ADEA, ADA, and the laws of the Commonwealth of Puerto Rico which have been invoked herein.

14.     At all times relevant hereto, Plaintiff Vázquez was also a "qualified individual with a disability" within the meaning of such term as provided by the ADA and Commonwealth of Puerto Rico laws. Vázquez could perform his former essential job functions with Ranger with and without reasonable accommodation.

15.     At all times relevant hereto, Plaintiff Vázquez suffered from the physical disability of Obstructive Sleep Apnea.

16.     On the date of Vázquez' employment termination by Ranger, he was 63 years old.

17.     At all relevant times to this Complaint, named party Defendant Ranger is a corporation with the legal capacity to sue and be sued.

Complaint
Vázquez v. Ranger *et al.*
Page 4 of 11

18.     Defendant Ranger is authorized to do business in the Commonwealth of Puerto Rico and is incorporated under the laws of Commonwealth of Puerto Rico.

19.     Ranger was incorporated as a corporation on April 2, 1982.

20.     Defendant Ranger's principal business is to provide security, protection, surveillance, patrolling and any other activities related to providing security; installation of security alarm systems and everything related to the functioning of such alarm and security systems.

21.     Defendant Ranger's business also includes residential and commercial burglar and fire alarms with patrol response, security guards, transportation of valuables, and the implementation of integrated-security programs as well as specialized divisions. Ranger is a full service security company with all of its operations and services performed in-house.

22.     Defendant Ranger is considered an "employer" within the definition of such term as provided by ADEA, ADA, and the laws of the Commonwealth of Puerto Rico that have been invoked herein.

23.     Defendant Ranger has approximately 2,000 employees.

24.     At the time the facts alleged in this Complaint took place, Defendant Ranger was Vázquez' employer.

25.     At the time the facts alleged in this Complaint took place, Vázquez was Ranger's employee.

26.     While in Ranger's employment, Vazquez was a non-exempt employee paid by the hour.

Complaint
Vázquez v. Ranger *et al.*
Page 5 of 11

27.     Defendants ABC are insurance companies that are the insurers of named party
defendant Ranger. Defendants ABC Insurance Companies always have had insurance policies
which relevant hereto, were in full effect and cover the liabilities and/or unlawful employment
discrimination which were committed by Defendant Ranger and its agents.  Plaintiff Vázquez is
using the fictitious names of ABC because currently he does not know the real names of such
insurance companies.  Once these names are known, Plaintiff Vázquez will move this Honorable
Court for the substitution of such party defendants with the real names of such defendant parties.

## III.    FACTUAL NARRATIVE COMMON TO ALL CLAIMS

28.     On September 28, 2017, Vázquez commenced working as a Security Guard with
Ranger.

29.     Since the date of Vazquez' hiring and throughout his employment tenure with
Ranger he occupied the occupational job classification of Security Guard.

30.     On November 18, 2019, Vázquez was terminated from his employment at Ranger.

31.     Vázquez' termination of employment was due to his age, disability and in retaliation
because he had previously requested several reasonable accommodations due to his disability.
Such employment termination was discriminatory and unjustified in violation to ADEA, ADA, and
Puerto Rico Acts 115, 100, 80, and 44.

32.     Vazquez was discriminated against by Ranger because he was suspended from
employment and salary in a discriminatory and illegal way due to his physical handicap and in
retaliation because he requested reasonable accommodations with his employer due to his
physical condition of Sleep Apnea.

Complaint
Vázquez v. Ranger *et al.*
Page 6 of 11

33.     As previously alleged, Vázquez worked as a Security Guard with Ranger American and was able to adequately perform all the functions of his job position with or without reasonable accommodation.

34.     Ranger was fully aware of Vázquez' physical condition and how it affects several areas of his major daily activities such as working, sleeping and concentration on his work tasks or duties.

35.     Both Vázquez' impediment and the fact that he had previously requested to his former employer on several occasions reasonable accommodation for his Sleep Apnea condition, caused Ranger to unjustifiably and discriminatorily suspend Vázquez from his job on November 18, 2019.

36.     On November 18, 2019, Ranger informed Vazquez that there were no job positions available for the work shift that he had requested as part of his previous reasonable accommodation requests.

37.     On November 19, 2019, Vázquez reiterated to Ranger his prior requests for a reasonable accommodation, to occupy a work shift from 6:00 am to 2:00 pm due to his Sleep Apnea condition.

38.     On December 12, 2019, Vázquez submitted to Ranger another request for a reasonable accommodation signed by his doctor, Jorge Nazario Cortes, MD., detailing his physical condition of Sleep Apnea.

39.     Subsequently, due to the fact that Vázquez' doctor was on vacation when Ranger gave Vázquez a form on December 18, 2019 related to his request for reasonable accommodation, on January 14, 2020, Vázquez delivered the stated duly signed form by his

Complaint
Vázquez v. Ranger *et al.*
Page 7 of 11

physician to his employer. Such form confirmed Vázquez' need for a reasonable accommodation due to his Sleep Apnea.

40.     On January 30, 2020, through an email sent to Mrs. Garcia from Ranger's Human Resources Department, Vázquez confirmed a telephone conversation that he had with her on January 28, 2020 about the existence of new positions that, due to his requests of reasonable accommodation, he could duly occupy and work in the 6:00am until 2:00pm. work shift.

41.     In addition, Mrs. Garcia confirmed that Ranger, through Mr. Miguel Lopez, Ranger's Human Resources Manager had previously qualified Vázquez to work during the 6:00am to 2:00pm work shift and that Lopez had approved his request for a reasonable accommodation.

42.     On January 28, 2020, Mrs. García further informed Vázquez to expect a phone call on this matter from Mr. Miguel Lopez, Ranger American's Human Resources Manager.

43.     On January 30, 2020, and in response to such Vazquez' email dated January 30, 2020, Mr. Lopez denied Vazquez' request for a reasonable accommodation as there were allegedly no positions available within the 6:00 a.m. to 2:00p.m. work shift, even though there were several other job positions available which were the same as Vázquez' job classification, which were occupied by similarly situated Security Guards with less seniority and younger in age than Vázquez.

44.     Notwithstanding the fact that there were other available Security Guard Positions, occupied by similarly situated employees that were less senior and younger than Vázquez, Ranger refused Vázquez' reasonable accommodation request to assign him a Security Guard position with a 6:00 a.m. to 2:00 p.m. work shift or schedule.

Complaint
Vázquez v. Ranger *et al.*
Page 8 of 11

45.     Thus, Ranger unlawfully denied Vázquez' request for a reasonable accommodation and also discriminated against him on the basis of his age when there were other similarly situated Security Guard positions available within the a 6:00 a.m. to 2:00 p.m. work shift that were occupied by younger, less senior employees than Vázquez.

## IV. FIRST CAUSE OF ACTION
### (ADEA: Age Discrimination)

46.     Vázquez re-allege each preceding allegation as if fully set forth herein and incorporate them herein by reference hereto.

47.     Defendant Ranger willfully violated ADEA's provisions by having terminated Vázquez from his employment on account of his age.  As such, Ranger is liable in compensatory damages against Plaintiff Vázquez for its unlawful conduct.

48.     Vazquez hereby demands and requests that he be reinstated to his former employment with Ranger and that he be awarded back-pay for all lost salaries and employee benefits he would have earned but for his unlawful termination of his employment due to his age, disability and retaliation, from the date of his termination up until that date Vázquez is reinstated to his former employment.

## V.  SECOND CAUSE OF ACTION
### (ADA: Disability Discrimination, Failure to Provide Reasonable Accommodation, Retaliation)

49.     Vázquez re-alleges each preceding allegation as if fully set forth herein and incorporate them herein by reference hereto.

50.     Defendant Ranger has willfully violated ADA's provisions by engaging in discriminatory employment practices against Vázquez on account of his disability by terminating

him on account of said disability, and in retaliation for having engaged in statutorily protected conduct by his multiple requests for reasonable accommodation.

51.   Defendant Ranger has further failed to engage in reasonable accommodation negotiations despite having knowledge of Vázquez' disability and despite his various requests for reasonable accommodation due to his physical disability, Sleep Apnea  As such, Defendant Ranger is liable in compensatory damages against Plaintiff Vázquez  for its unlawful conduct.

52.   Plaintiff Vázquez requests back pay and reinstatement to his prior job, or alternatively, front pay in lieu of reinstatement to his former job classification at Ranger.

## VI. THIRD CAUSE OF ACTION
### (Violation to Article II of Puerto Rico's Constitution)

49.   Vázquez re-alleges each and every preceding allegation as if fully set forth herein and incorporates them herein by reference hereto.

50.   Defendants Ranger have violated Plaintiff Vázquez's rights secured under Article II, Sections 1, 8, 16 of Puerto Rico's Constitution by violating his dignity, privacy, health at the work place and discriminating against him on the basis of his age and disability.

51.   Vázquez is entitled to compensatory damages.   Vázquez has suffered considerable economic and personal damages as a result of Ranger's conduct.   Plaintiff Vázquez is entitled to back-pay and reinstatement to his former employment.

Complaint
Vázquez v. Ranger *et al.*
Page 10 of 11

## VII. FOURTH CAUSE OF ACTION
### (Violation to Puerto Rico Act Nos. 115, 100, 80 and 44)

52.     Vázquez re-allege each and every preceding allegation as if fully set forth herein and incorporates them herein by reference hereto.

53.     Defendant Ranger has violated Plaintiff Vázquez's rights secured under Puerto Rico Acts Nos. 115, 100, 80 and 44.  Defendants Ranger have discriminated against Plaintiff Vázquez on account of his age and disability because he was terminated while other less senior employees, in Vázquez's same job classification, who were also younger than him in age and not disabled, were not terminated from their employment.

54.     Defendant Ranger have also unjustly terminated Vázquez's employment as he was dismissed in violation of Act 80's seniority provisions and as such, Vázquez is entitled to Act 80 compensation.

55.     Vázquez was also terminated in retaliation for having engaged in statutorily protected activities by requesting reasonable accommodation from his employer and grieving about age discrimination to his employer

56     Vázquez is entitled to compensatory and economic damages.  Plaintiff Vázquez has suffered considerable economic and personal damages as a result of Defendants Ranger's conduct.  Vázquez is entitled to back pay for all lost salaries on account of his unlawful termination of employment.  Plaintiff Vázquez hereby also demands reinstatement to his former employment.

**WHEREFORE**, all premises being considered, Plaintiff Vázquez prays that this Honorable Court enter Judgment against Defendant Ranger and grant him the following relief:

Complaint
Vázquez v. Ranger, *et al.*
Page 11 of 11

(a)    An award of compensatory damages, including but not limited to back pay and

prejudgment interests, of not less than TWO MILLION DOLLARS ($2,000,000.00);

(b)    An award of double compensatory damages under Puerto Rico Law No. 100;

(c)    An Act 80 Severance;

(d)    An award of costs and reasonable attorney's fees;

(e)    Injunctive relief ordering Defendant Ranger to reinstate Vázquez to his former

employment;

(f)    Any other and further relief, which this Honorable Court may deem just, and proper;

and

(g)    A trial by jury.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 19th day of October 2021.

/s/ **MANUEL E. LOPEZ FERNANDEZ**
**USDC PR NO. 205507**
**Attorney for Plaintiffs**
B-12 Paseo del Prado
San Juan, PR 00926
Tel.: (787) 562-2040
email: lcdomanuel.lopez@gmail.com;

/s/ **JOSÉ G. FAGOT DÍAZ**
**USDC PR No. 204112**
**Attorney for Plaintiffs**
166 Presidente Ramirez St., Apt. No. 2
Urb. Baldrich
Hato Rey, PR  00918
Tel.: (787) 367-8702
email: jgf@fagot-law.com